IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGINA FRANCOIS,<br><br>　Plaintiff,<br><br>v.<br><br>METRODERM, P.C.<br><br>　Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Regina Francois ("Plaintiff" or "Francois"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Francois brings this action for damages against Metroderm, P.C. ("Defendant"), for violations of her rights under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII").

**JURISDICTION AND VENUE**

2.

Francois invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Francois has fulfilled all conditions necessary to proceed with this cause of action under the ADA.

5.

Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("the EEOC") on October 20, 2021.

6.

The EEOC issued its Notice of Right to Sue on March 23, 2022.

7.

Francois timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

8.

Francois is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

10.

During each week of twenty (20) or more weeks of one or more years, in which the conduct complained of herein occurred, as well as the preceding year, Defendant employed fifteen or more employees.

11.

Defendant is covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

12.

All conditions precedent have been satisfied.

13.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## FACTUAL ALLEGATIONS

14.

Francois began working for Defendant as a back office medical assistant on March 28, 2022.

15.

When her employment began, Francois primarily worked on the floor, scribing for doctors, assisting in surgeries and procedures, and cleaning.

16.

When Francois was hired, she was pregnant.

17.

Francois informed her supervisor, Brion, that she was pregnant.

18.

Brion informed Brion she was pregnant on her first day of work.

19.

Prior to Francois informing Brion that she was pregnant, Defendant was not aware that Francois was pregnant.

20.

In April 2022, Francois was given a written warning for missing four days of work for pregnancy related appointments.

21.

In April 2022, Brion also changed Francois's job to consist primarily of being on the phone.

22.

Francois asked Brion to allow her to remain working on the floor instead of working the phones.

23.

Brion insisted that Francois be switched to working on the phones.

24.

Brion told Francois that working the phone was better for her and her situation.

25.

When Brion used the phrase situation, they were referring to Francois's pregnancy.

26.

Francois wore medical scrubs as her uniform.

27.

In the beginning of May 2022, Francois was given a lab coat to wear because her scrubs did not fit well due to how her stomach was growing from her pregnancy.

28.

In the middle of May 2022, Francois's doctor gave her a brace to wear around her stomach.

29.

This brace allowed Plaintiff to stand for longer periods of time.

30.

Towards the end of June 2022, Francois asked Brion if she could work from home for a couple of days a week temporarily.

31.

Francois was able to perform all her job duties from home.

32.

A week after that request, Francois was terminated.

33.

As part of Defendant's explanation for terminating Plaintiff's employment, Brion stated that they had to accommodate Francois too much because of Francois's pregnancy.

34.

Defendant terminated Francois because she was pregnant.

35.

Defendant treated others outside Francois's class, employees who were not pregnant, differently.

36.

Although Defendant purports to provide a legitimate non-discriminatory reason for Francois's termination, that reason is a pre-text. As a result of Defendant's unlawful action, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF
## COUNT I: PREGNANCY DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT / TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37.

Francois re-alleges paragraphs 14-35 as if set forth fully herein.

38.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex included discrimination "on the basis of pregnancy, childbirth, or related medical condition."

39.

Defendant's termination of Plaintiff's employment because of her pregnancy constitutes unlawful discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

40.

Defendant has willfully and wantonly disregarded Francois's rights and Defendant's discrimination against Plaintiff was undertaken in bad faith.

41.

The effect of the conduct complained of herein has been to deprive Francois of equal employment opportunity and has otherwise adversely affected her status as an employee because of her pregnancy.

42.

As a direct and proximate result of Defendant's violation of Title VII, Francois has been made a victim of acts that have adversely affected her psychological and physical well-being.

43.

Accordingly, Defendant is liable for the damages Francois has sustained as a result of Defendant's unlawful discrimination.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 19th day of January 2023.

                                             **BARRETT & FARAHANY**
*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com